AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Oklahoma

| | |
|---|---|
| United States of America<br>v.<br><br>MICHAEL LEE DAVIS<br><br>*Defendant(s)* | )<br>)<br>) Case No. 19-MJ 182-JFJ<br>)<br>)<br>) |

FILED
SEP 12 2019
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **August 7, 2019** in the county of **Tulsa** in the Northern District of Oklahoma, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(9) | Possession of a Firearm in and Affecting Interstate Commerce By A Person Previously Convicted of a Misdemeanor Crime of Domestic Violence |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Lucas Keck, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: **9-12-19**

_____
Judge's signature

City and state: **Tulsa, OK** — Jodi F. Jayne, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT

Lucas Keck, being duly sworn, does depose and state the following:

## AGENT BACKGROUND AND INTRODUCTION

1. I am currently employed as a Special Agent in the Bureau of Alcohol, Tobacco and Firearms & Explosives (ATF) and have been so since 2015. As an ATF Special Agent, I have conducted and participated in numerous investigations concerning the illegal possession of firearms and Federal controlled substance offenses. Prior to my employment with ATF, I was employed as a Special Agent with the United States Secret Service (USSS) from 2009 through 2015. During my employment with the USSS, I conducted and participated in investigations for counterfeit currency, to include: purchasing counterfeit currency with confidential informants and undercover agents, identity theft investigations, credit card fraud, and bank fraud in both state and federal courts in the Southern District of Texas.

2. During my employment as an ATF Special Agent, I have received specialized training regarding, and have personally participated in, various types of investigative activity. This includes, but is not limited to, the following: (a) physical surveillance; (b) the debriefing of defendants, witnesses, informants and other individuals who have knowledge concerning violations of federal firearms laws; (c) undercover operations; (d) the execution of search warrants; (e) the consensual monitoring and recording of conversations; (f) electronic surveillance through the use of pen registers and trap and trace devices; (g) the court-authorized interception of both wire and electronic communications (i.e., Title III wiretaps); and (h) the handling and maintenance of evidence.

3. This Affidavit is made for the limited purpose of establishing probable cause in support of a Criminal Complaint alleging that Michael Lee DAVIS, white male, DOB XX-XX-1993, SSN XXX/XX/8070 did possess firearm after a misdemeanor conviction of domestic violence in violation of 18 U.S.C. § 922(g)(9). Based on my training and experience, I know that it is a violation of 18 U.S.C. § 922(g)(9) for any person with a misdemeanor conviction of domestic violence to possess a firearm which has moved in interstate commerce.

4. The statements made in this Affidavit are based in part on: (a) my personal participation in this investigation; (b) information provided to me by other law enforcement officers; and (c) the training and experience of myself and other law enforcement agents and officers.

## FACTS SUPPORTING PROBABLE CAUSE

5. On August 14, 2019, SA Keck was contacted by the Henryetta Police Department in reference to Michael Lee DAVIS. SA Keck was informed that DAVIS was arrested by HPD, and three firearms, ammunition, narcotics, and paraphernalia were discovered in DAVIS' vehicle. DAVIS was initially stopped by HPD after an officer observed DAVIS vehicle lacking tag information and with personal knowledge that DAVIS did not have a valid drivers license. DAVIS was arrested by HPD for driving while under suspension, and then HPD inventoried DAVIS vehicle prior to towing the vehicle.

6.  During an interview with HPD Lieutenant Robert Heath, DAVIS told Lt. Heath that the vehicle belonged to Elizabeth NUNN, and that the firearms in the vehicle were NUNN's, not DAVIS.

7.  On August 16, 2019, SA Keck obtained copies of DAVIS' Judgement and Sentence from Okmulgee County Case CF-2016-102. SA Keck observed that DAVIS was arrested in 2016 for First Degree Burglary and Domestic Abuse – Assault and Battery. DAVIS pled guilty to both counts, receiving a seven year deferred sentence for First Degree Burglary and a one year suspended sentence for Domestic Abuse – Assault and Battery. Provided with the Judgement and Sentence documents was notice that DAVIS was unable to possess firearms and ammunition under both state and federal law, citing specifically Title 18 U.S.C. Section 922(g)(8) and (9).

8.  Also provided with the Judgement and Sentence was an application to accelerate DAVIS' deferred felony conviction based on violations of rules and conditions. The violations included failure to report, failure to provide a current address, failure of drug tests, and admission of drug use. After reviewing information from the Oklahoma State Courts Network (OSCN), SA Keck observed that DAVIS was reported to have pled guilty on his application to revoke his deferred sentence and may have served 90 days in the Okmulgee County Jail on August 6, 2018.

9.  SA Keck conducted traces on two of the firearms seized from DAVIS. SA Keck learned that two firearms were purchased by Elizabeth NUNN from Bass Pro

Shops in Broken Arrow, OK by NUNN on August 7, 2019. SA Keck contacted Bass Pro Shops and learned that NUNN was accompanied by a male during the purchase of the firearms.

10.     On August 19, 2019, SA Keck and Lieutenant Heath interviewed Elizabeth NUNN. During the interview, NUNN admitted knowing DAVIS for approximately 6-8 weeks and to having a relationship with DAVIS. NUNN told investigators that she bought the vehicle DAVIS was driving, but considered the vehicle DAVIS'. NUNN repeatedly referred to the vehicle as DAVIS' during the interview. NUNN admitted purchasing two firearms at Bass Pro Shops on August 7, 2019, and told investigators the pistol was purchased specifically for DAVIS by her. NUNN told investigators the third firearm, a Keltec rifle, was purchased at a pawn shop in Owasso, OK. NUNN admitted DAVIS had told her he had an arrest involving burglary, and that she had observed DAVIS using methamphetamine intravenously on multiple occasions, as well as marijuana. NUNN was asked by SA Keck if she believed this kind of person should possess firearms, NUNN responded she did not believe so.

11.     On or about August 20, 2019, SA Keck travelled to Owasso Pawn and inquired if the business had sold a Keltec rifle in the previous two weeks. SA Keck was informed they had, and provided a copy of an ATF Form 4473 completed by Elizabeth NUNN. The owner, Marlin Kerr, remembered the transaction. Mr. Kerr stated a male came in near closing and looked at rifles. The male left, and a short time later a female, NUNN, entered and purchased the Keltec rifle. Mr. Kerr said

he asked NUNN multiple times if the firearm was for her or for someone else. Mr. Kerr said NUNN told him the rifle was for her.

12. On August 22, 2019, Mr. Kerr provided video surveillance of the firearms purchase by NUNN. SA Keck watched the video and observed a vehicle he knew to be NUNN's arrive and park. DAVIS exits the driver's seat and enters the pawn shop, looks around the store, is clearly visible on surveillance video, and examines two firearms. SA Keck observed that the last firearm DAVIS handled was a Keltec carbine. This is a unique shaped firearm that can collapse in half for storage or transport. DAVIS exits the store and enters NUNN's vehicle again. NUNN exits the passenger side after DAVIS is in the vehicle and enters the pawn shop. NUNN immediately goes to the firearms counter and buys the Keltec rifle. NUNN returns to the vehicle and DAVIS drives away. The entire transaction took approximately 15 minutes. In addition, Mr. Kerr examined a six person photographic lineup and identified Michael Lee DAVIS as the male in his store prior to NUNN purchasing the Keltec rifle.

13. Your affiant is a firearms NEXUS expert. Your affiant examined the firearms seized from DAVIS and noted none of the three firearms were manufactured in the state of Oklahoma, and would have travelled in interstate commerce to reach Oklahoma.

14. Your affiant believes that DAVIS is aware of his prohibition to possess firearms from his misdemeanor conviction of domestic abuse and believes that

DAVIS utilized NUNN to illegally purchase three firearms for him in the Northern District of Oklahoma.

## CONCLUSION

15.  That, to the best of my knowledge and belief, all statements made in this affidavit are true and correct. Based on the foregoing facts, I believe probable cause exists for the issuance of an arrest warrant for Michael Lee DAVIS for violating 18 U.S.C. § 922(g)(9).

_____
Lucas Keck
Special Agent, ATF

Sworn to and subscribed before me this 12th day of September, 2019.

_____
Jodi F. Jayne
United States Magistrate Judge